IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| USA SYNTHETIC FUEL CORPORATION, | : | Case No. 15-\_\_\_\_\_ (\_\_\_) |
| | : | |
| Debtor. | : | Tax I.D. No. 13-3995258 |

---------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| LIMA ENERGY COMPANY, | : | Case No. 15-\_\_\_\_\_ (\_\_\_) |
| | : | |
| Debtor. | : | Tax I.D. No. 31-1745661 |

---------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| CLEANTECH CORPORATION, | : | Case No. 15-\_\_\_\_\_ (\_\_\_) |
| | : | |
| Debtor. | : | Tax I.D. No. 27-1546023 |

---------------------------------------------------------x

**DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF
CASES PURSUANT TO BANKRUPTCY RULE 1015(b)
AND LOCAL BANKRUPTCY RULE 1015-1**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a) and 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only. In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of Dr. Steven C. Vick in Support of First Day Relief* (the "Vick Declaration"), which was filed with the Court concurrently herewith.[1]

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Vick Declaration.

Motion, the Debtors, by and through their undersigned proposed counsel, respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 342(c)(1) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 1005, 1015(b) and 2002(n) and Local Rule 1015-1.

2. The Debtors consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

3. On the date hereof (the "Petition Date"), each Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors intend to continue in the possession of their respective properties and the management of their respective businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee has been appointed in these cases.

4. The Debtors are an environmentally focused, alternative energy company pursuing clean energy solutions based on gasification and other proven Btu conversion technologies.

5. A full description of the Debtors' business operations, corporate structure, capital structure, and reasons for commencing these cases is set forth in the Vick Declaration, incorporated herein by reference.

## RELIEF REQUESTED

6. By this Motion, the Debtors seek entry of an order, pursuant to sections 105(a) and 342(c)(1) of the Bankruptcy Code, Bankruptcy Rules 1005, 1015(b) and 2002(n), and Local Rule 1015-1, consolidating the Debtors' chapter 11 cases for procedural purposes only.

7. In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| USA SYNTHETIC FUEL CORPORATION, *et al.*[1] | : | Case No. 15-_____ (___) |
| Debtors. | : | (Jointly Administered) |

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): USA Synthetic Fuel Corporation (5258); Lima Energy Company (5661); and Cleantech Corporation (6023). The Debtors' address is 312 Walnut Street, Suite 1600, Cincinnati, Ohio 45202.

8. The Debtors also request that all original pleadings be captioned as indicated in the preceding paragraph and all original docket entries shall be made in the case of USA Synthetic Fuel Corporation and a docket entry shall be made in the other Debtor's chapter 11 case substantially as follows:

An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of USA Synthetic Fuel Corporation, Lima Energy Company and Cleantech Corporation.  The docket in the chapter 11 case of USA Synthetic Fuel Corporation, Case No. 15-_____ (___), should be consulted for all matters affecting this case.

9. For the reasons set forth herein, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, stakeholders, and other parties in interest, and therefore, should be granted.

## BASIS FOR RELIEF

10. Bankruptcy Rule 1015(b) authorizes the Court to order the joint administration of two or more cases pending before it under the Bankruptcy Code when affiliated debtors are involved.  Section 101(2) of the Bankruptcy Code, in turn, defines the term "affiliate" in pertinent part, as an:

> (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>
> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
> (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>
> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

>>(C) person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
>>(D) entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11 U.S.C. § 101(2).

11. Further, Local Rule 1015-1 provides as follows: "[a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. L.R. 1015-1.

12. Lima Energy Company and Cleantech Corporation are wholly owned subsidiaries of USA Synthetic Fuel Corporation. As such, the Debtors are affiliates under section 101(2) of the Bankruptcy Code. Thus, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

13. Moreover, it will be most efficient for the administration of these cases if the Court authorizes joint administration. The Debtors anticipate that practically all of the hearings and matters involved in these chapter 11 cases will affect each of the Debtors. If approved, joint administration will reduce costs, facilitate administrative efficiency, and avoid the procedural problems otherwise attendant to the administration of separate but related chapter 11 cases. The Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Furthermore, supervision of the administrative aspects of these chapter 11 cases by the United States Trustee for the District of Delaware (the "U.S. Trustee") will be simplified.

Moreover, as the relief sought herein is procedural and not intended to affect substantive rights, no party will be prejudiced by the granting of this Motion.

## NOTICE

14. Notice of the hearing on this Motion has been given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the Twenty Largest Unsecured Claims; (c) the Securities and Exchange Commission; (d) counsel to the DIP Agent; and (e) counsel to the TEC Prepetition Lenders.  As this Motion is seeking first day relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m).  The Debtors respectfully submit that no further notice of the interim hearing on this Motion is required.

## NO PRIOR REQUEST

15. No previous motion for the relief sought herein has been made to this or to any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as **Exhibit A**, granting the Motion and such other and further relief as may be just and proper.

- 7 -

| | | |
|---|---|---|
| Dated: | March 17, 2015<br>Wilmington, Delaware | Respectfully submitted,<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Andrew R. Remming*<br>Robert J. Dehney (No. 3578)<br>Andrew R. Remming (No. 5120)<br>Matthew R. Koch (No. 6048)<br>1201 N. Market St., 16th Flr.<br>PO Box 1347<br>Wilmington, DE  19899-1347<br>Telephone:     302-658-9200<br>Facsimile:      302-658-3989<br>rdehney@mnat.com<br>aremming@mnat.com<br>mkoch@mnat.com<br><br>*Proposed Counsel for Debtors*<br>*and Debtors in Possession* |

8950292.2