IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re | Chapter 11 |
| USA SYNTHETIC FUEL CORPORATION, *et al.*,[1] | Case No. 15-10599 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Auction: May 14, 2015 at 10:00 a.m. (ET)**<br>**Sale Objections Due: May 11, 2015 at 12:00 p.m. (ET)**<br>**Sale Hearing: May 18, 2015 at 2:00 p.m. (ET)** |

---

## NOTICE OF AUCTION AND SALE HEARING

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On March 17, 2015, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), each filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. On March 17, 2015, the Debtors filed a motion [D.I. 6] (the "Motion")[2] for entry of an order (the "Bidding Procedures Order"), among other things: (i) establishing bidding procedures (the "Bidding Procedures") relating to the sale of substantially all of the Debtors' assets (the "Bid Assets") pursuant to an asset purchase agreement (the "Asset Purchase Agreement") with Third Eye Capital Corporation (the "Stalking Horse Bidder"); (ii) authorizing the Debtors to enter into the Asset Purchase Agreement; (iii) approving certain bid protections for the Stalking Horse Bidder; (iv) establishing procedures relating to the assumption and assignment of certain executory contracts and unexpired leases to any purchaser of the Bid Assets, including notice of cure amounts; (v) approving the form and manner of notice of the Auction and the Sale Hearing; (vi) scheduling the Auction for the Bid Assets; (vii) scheduling a hearing to approve the Sale of the Bid Assets (the "Sale Hearing") and setting objection and bidding deadlines with respect to the Sale; and (viii) granting related relief. **THE MOTION ADDITIONALLY REQUESTS ENTRY OF ORDERS: (I) AUTHORIZING THE SALE OF THE BID ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS TO THE SUCCESSFUL BIDDER; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (III) WAIVING THE REQUIREMENTS OF BANKRUPTCY RULES 6004(G) AND 6006(D); AND (IV) GRANTING RELATED RELIEF.**

3. The Debtors are seeking to sell the Bid Assets to the Successful Bidder. Approval of the Sale of the Bid Assets to the Successful Bidder may result in, among other things, the assumption, assignment, and/or transfer by the Debtors of certain executory contracts and unexpired leases. If you are a party to an executory contract or unexpired lease with the Debtors, you may receive a separate notice that contains relevant dates and other information that may impact you as a party to an executory contract or unexpired lease.

4. On April 16, 2015, the Bankruptcy Court entered the Bidding Procedures Order [D.I. 91]. Pursuant to the Bidding Procedures Order, if the Debtors receive one or more Qualified Bids for the Bid Assets (in addition to the Qualified Bid of the Stalking Horse Bidder), an Auction shall be held on **May 14, 2015, at 10:00 a.m. (Prevailing Eastern Time)** at the offices of Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, Delaware 19801, or at such other place, date, and time as may be designated in writing by the Debtors. Only parties that have submitted a Qualified Bid for the Bid Assets in accordance with the Bidding Procedures, attached to the Bidding Procedures Order as Exhibit 1, by no later than **May 11, 2015, at 5:00 p.m. (Prevailing Eastern Time)** (the "Bid Deadline") may participate as bidders at the Auction.

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): USA Synthetic Fuel Corporation (5258); Lima Energy Company (5661); and Cleantech Corporation (6023). The Debtors' address is 312 Walnut Street, Suite 1600, Cincinnati, Ohio 45202.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

5.     Any party that wishes to take part in this process and submit a bid for the Bid Assets must submit its competing bid prior to the Bid Deadline and in accordance with the Bidding Procedures.

6.     Notwithstanding anything to the contrary in the Asset Purchase Agreement, without obtaining the consent of any Party thereto, the Stalking Horse Bidder may assign all or part of its rights under the Asset Purchase Agreement to, and all or part of its obligations under the Asset Purchase Agreement may be assumed by, any of its Affiliates or its lenders as collateral security, or to a third party, provided that if such assignment and/or assumption takes place, the Stalking Horse Purchaser shall continue to be liable jointly and severally with such assignee for all of its obligations thereunder.

7.     At the Sale Hearing, the Debtors will seek the entry of an order which provides, among other things, as follows:

> Except to the extent expressly included in the Assumed Liabilities, all persons and entities, including, but not limited to, the Debtors, employees, former employees, all debt security holders, administrative agencies, governmental tax and regulatory authorities, secretaries of state, federal, state and local officials, lenders, contract parties, bidders, lessors, warehousemen, customs brokers, freight forwarders, carriers and other parties in possession of any of the Acquired Assets at any time, trade creditors and all other creditors, holding Liens of any kind or nature whatsoever against or in the Debtors or in the Debtors' interests in the Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, known or unknown, liquidated or unliquidated, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtors, the Acquired Assets, the Assumed Contracts, the operation of the Debtors' business before the Closing Date, the Transactions, or the transfer of the Acquired Assets and the Assumed Contracts to the Purchaser or its designee, shall be and hereby are forever barred, estopped and permanently enjoined from asserting, prosecuting, commencing, continuing or otherwise pursuing in any manner any action, claim or other proceeding of any kind, directly or indirectly, against the Purchaser, or any affiliates, successors or assigns thereof and each of their respective current and former members, officers, directors, managed funds, investment advisors, attorneys, employees, partners, principals, affiliates, shareholders (or equivalent), financial advisors and representatives (each of the foregoing in its individual capacity), their property or the Acquired Assets. Notwithstanding anything to the contrary herein, the Debtors shall not be barred, estopped or enjoined from asserting, prosecuting, commencing, continuing or otherwise pursuing in any manner any and all rights, claims, actions and the like with respect to (a) any DIP Lender's obligation to make any DIP Loan subject to the terms and conditions of the DIP Orders and of the DIP Term Sheet, (b) the DIP Agent's or any DIP Lender's obligations to comply in all respects with the terms and conditions of the DIP Orders and the DIP Term Sheet that are required to be performed by such party (subject to any applicable limitations on such compliance set forth herein or therein) or (c) compliance in all respects by the Purchaser with the Agreement and this Order.[3] Following the Closing Date, no holder of a Lien in the Debtors shall interfere with the Purchaser's or its designee's title to or use and enjoyment of the Acquired Assets based on or related to such Lien, or any actions that the Debtors may take in the Debtors' cases.
>
> The Purchaser has not assumed and is not otherwise obligated for any of the Debtors' liabilities other than the Assumed Liabilities and the Purchaser has not acquired any of the Excluded Assets (as defined in the Agreement). Consequently, all persons, Governmental Units (as defined in section 101(27) of the Bankruptcy Code) and all holders of Liens, based upon or arising out of liabilities retained by the Debtors are hereby enjoined from taking any action against the Purchaser or the Acquired Assets, including asserting any setoff, right of subrogation or recoupment of any kind, to recover any Liens or on account of any liabilities of the Debtors other than Assumed Liabilities pursuant to the Agreement. All persons holding or asserting any Lien on the Excluded Assets are hereby enjoined from asserting or prosecuting such Liens or cause of action against the Purchaser or the Acquired Assets for any liability associated with the Excluded Assets.

---

[3] Unless defined elsewhere herein, capitalized terms used in this sentence shall have the meanings ascribed to them in the *Final Order (I) Authorizing Debtors To Obtain Postpetition Financing Pursuant To 11 U.S.C. §§ 105, 362, 363, And 364, (II) Granting Liens And Superpriority Claims To Postpetition Lenders Pursuant To 11 U.S.C. §§ 364 And 507, (III) Authorizing Use Of Cash Collateral Pursuant To 11 U.S.C. § 363, And (IV) Providing Adequate Protection To Prepetition Secured Lenders Pursuant To 11 U.S.C. §§ 361, 362, 363, 364, And 507* [Docket No. 84].

8.      The Sale Hearing to consider approval of the sale of the Bid Assets **FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS** will be held before the Honorable Mary F. Walrath, United States Bankruptcy Judge, 824 N. Market Street, 5th Floor, Wilmington, Delaware 19801, Courtroom #4 on **May 18, 2015, at 2:00 p.m. (Prevailing Eastern Time).** The Sale Hearing may be adjourned from time to time without further notice to creditors or parties-in-interest other than by announcement of the adjournment in the agenda for the Sale Hearing or in open court on the date scheduled for the Sale Hearing.

9.      Objections, if any, to the sale of the Bid Assets, or the sale relief requested in the Motion (other than with respect to cure amounts and adequate assurance which are subject to a separate notice) must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the clerk of the Bankruptcy Court, Third Floor, 824 N. Market Street, Wilmington, Delaware 19801, on or before **12:00 p.m. (Prevailing Eastern Time) on May 11, 2015,** and (d) be served, so as to be received no later than 12:00 p.m. (Prevailing Eastern Time) on the same day, upon:

(a) the Debtors, 312 Walnut Street, Suite 1600, Cincinnati, OH 45202; (b) counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Robert J. Dehney, Esq.; (c) counsel to the Stalking Horse Bidder, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10019, Attn: Jay M. Goffman, Esq.; (d) Asgaard Capital LLC, 1934 Old Gallows Road, Suite 350, Vienna, VA 22182, Attn: Charles C. Reardon; (e) counsel to any statutory committee appointed in the Debtors' cases and (e) Office of the United States Trustee, 844 King Street, Room 2313, Wilmington, Delaware 19801, Attn: David L. Buchbinder, Esq.

10.     **All objections must state with specificity the nature of such objection and will be heard by the Court at the Sale Hearing. UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER HEARING AND NOTICE.**

11.     This Notice and the Sale Hearing are subject to the fuller terms and conditions of the Bidding Procedures Order, the Bidding Procedures, the Sale Order, and the Asset Purchase Agreement, which shall control in the event of any conflict. The Debtors encourage parties-in-interest to review such documents in their entirety. Parties interested in receiving more information regarding the Sale of the Bid Assets or to obtain a copy of any related document, subject to any necessary confidentiality agreement, may make a written request to investment bankers to the Debtors: Charles C. Reardon, Senior Managing Director, Asgaard Capital LLC, 1934 Old Gallows Road, Suite 350, Vienna, VA 22182, 703-752-6252, creardon@asgaardcapital.com. In addition, copies of the Motion, Bidding Procedures Order, the Bidding Procedures, the Sale Order, the Asset Purchase Agreement, and this Notice can be found on (a) the Bankruptcy Court's website, www.deb.uscourts.gov; and (b) and with the Clerk of the Bankruptcy Court, Third Floor, 824 N. Market Street, Wilmington, Delaware 19801.

Dated:  April 17, 2015               MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                     Robert J. Dehney (No. 3578)
                                     Andrew R. Remming (No. 5120)
                                     Matthew R. Koch (No. 6048)
                                     1201 N. Market St., 16th Flr.
                                     PO Box 1347
                                     Wilmington, DE  19899-1347
                                     Telephone:  302-658-9200
                                     Facsimile:  302-658-3989

                                     *Counsel for Debtors and Debtors in Possession*

8950287